IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03077-BNB

CRAIG A. DRUMMOND,

    Plaintiff,

v.

JOHN W. HICKENLOOPER, Governor of the State of Colorado,
JOHN W. SUTHERS, ATTORNEY GENERAL,
RICK RAEMISCH, Executive Director of the Department of Corrections,
DR. ANTHONY YOUNG, Colorado Board of Parole,
WARDEN VANCE EVERETT, Employee Corrections Corporation fo America,
CASEMANAGER SUSAN COMER, Employee Corrections Corporation of America,
LUANN MARIE MORTON-EARL, CAC III, Employee Corrections Corporation of
    America,

    Defendants.

ORDER OF DISMISSAL

    Plaintiff, Craig A. Drummond, is a prisoner in the custody of the Colorado Department of Corrections at the Rifle Correctional Center in Rifle, Colorado. Plaintiff has filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343 that challenges the recision of his parole release. As relief, Plaintiff seeks declaratory judgment and money damages,

    The Court must construe the Complaint liberally because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If a complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [a court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor

syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.  However, the Court should not act as an advocate for a *pro se* litigant.  *See id.*  The Court will dismiss the Complaint and the action for the reasons stated below.

In Claims One and Two, Plaintiff asserts that his First, Eighth, and Fourteenth Amendment rights were violated because Defendants Susan Comer and Luann Marie Morton-Earl changed Plaintiff's prison records to state that he had not completed the alcohol and drug abuse treatment program in August 2011, when he had completed the program.  Plaintiff also asserts that one day before his parole release date was scheduled his release was rescinded due to the fraudulent entry and that Defendants Comer and Morton-Earl refused to assist him correct the entry.

In Claim Three, Plaintiff asserts that Defendant Dr. Anthony Young, a Colorado Parole Board member, violated his First, Eight, and Fourteenth Amendment rights by not holding a hearing regarding his suspended parole decision.  Plaintiff further asserts the Parole Board violated his rights by not investigating Defendants Comer and Morton-Earl's actions and causing his continued confinement.

In general, Plaintiff is challenging the recision of his parole release and his continued confinement.  Plaintiff's request that this Court declare Defendants' actions and omissions violated his constitutional rights is properly raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  *See Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973).  Habeas corpus claims may not be raised in a 42 U.S.C. § 1983 action.  If Plaintiff wishes to pursue any habeas corpus claims he must file a separate habeas corpus action.  Before seeking habeas corpus relief in federal court, Plaintiff must

exhaust state court remedies.  *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (noting that state court remedies must be exhausted prior to seeking habeas corpus relief whether the action is brought pursuant to § 2254 or § 2241).

Furthermore, Plaintiff may not recover damages because his claims challenge the validity and execution of the recision of his parole release.  *See Heck v. Humphrey*, 512 U.S. 477 (1994).  In *Heck*, the United States Supreme Court held that if a judgment for damages favorable to a prisoner in a 42 U.S.C. § 1983 action necessarily would imply the invalidity of his criminal conviction or sentence the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ.  *See Heck*, 512 U.S. at 486-87.  The rule in *Heck* also applies to claims seeking to invalidate the results of a parole proceeding. *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996) (per curiam) (stating that *Heck* applies to proceedings related to parole and probation).

Plaintiff does not allege, and nothing in the Complaint indicates, that he invalidated the recision of his parole release.  Therefore, the claims for damages are barred by *Heck* and will be dismissed.  The dismissal will be without prejudice.  *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996).

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for

the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Prisoner Complaint and the action are dismissed without prejudice pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), and to 28 U.S.C. § 1915(e)(2)(B)(ii). It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  21st  day of      January      , 2014.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court